FILED
2020 Feb-24 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| THE ESTATE OF MICHAEL LEE PIERCE, *by and through its administratrix, Joyce D. Pierce*, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:18-cv-01381-SGC |
| BBH BMC LLC, *d/b/a Brookwood Baptist Medical Center*, | )<br>) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**[1]

The Amended Complaint in this matter, filed by the Estate of Michael Lee Pierce, by and through its administratrix, Joyce D. Pierce, asserts a wrongful death claim under the Alabama Medical Liability Act of 1987, ALA. CODE § 6-5-542, *et seq* ("AMLA"). (Doc. 15). Presently pending is the motion for partial summary judgment filed by defendant, BBH BMC LLC, d/b/a Brookwood Baptist Medical Center. (Doc. 25). The motion is fully briefed and ripe for adjudication. (Docs. 26-28). As explained below, the motion is due to be granted.

## I.  JURISDICTION

The Amended Complaint invokes federal diversity jurisdiction. (Doc. 15 at 1-2). The decedent was a citizen of Mississippi. (*Id.* at 2); *see* 28 U.S.C. §

---

[1] The parties have consented to dispositive magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 18).

1332(c)(2). The Amended Complaint describes the defendant—an LLC—as a citizen of Delaware and Texas, and the defendant's answer admits the same. (*Id.* at 2: Doc. 17 at 2).[2] The Amended Complaint further explains the defendant's sole member is Brookwood Baptist Health 1, LLC.[3] (Doc. 15 at 2; *see* Doc. 17 at 2). The membership of Brookwood Baptist Health 1, LLC, is comprised of two Alabama corporations. (Doc. 15 at 2; *see* Doc. 17 at 2).[4] Because an LLC assumes the citizenships of its members, it appears the defendant is a citizen of Alabama alone—not, as the plaintiff alleges and the defendant admits, Texas and/or Delaware—for purposes of diversity jurisdiction. *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004); *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013). Regardless, because the defendant is not a citizen of Mississippi, complete diversity is satisfied. The parties **SHALL** promptly notify the court if it has misinterpreted or misunderstood any of the facts concerning their respective citizenships.

---

[2] The Amended Complaint alleges the defendant has its principal place of business in Texas. (Doc. 15 at 2). This allegation is irrelevant to determining the citizenship of an LLC.

[3] The Amended Complaint alleges Brookwood Baptist Health 1, LLC, is a "Delaware limited liability company." (Doc. 15 at 2). Based on the following discussion, it is unclear how this entity is connected to Delaware or how it is a citizen of that state.

[4] Although not explicitly alleged, the undersigned construes the Amended Complaint as alleging these two corporate entities are incorporated and have their principal places of business in Alabama. 28 U.S.C. § 1332(c)(1).

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the *Federal Rules of Civil Procedure*, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.* at 324.

The substantive law identifies which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the

evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id*. at 249.

## III. FACTS

The facts are not in dispute for purposes of this motion, which asserts an essentially legal argument. Mr. Pierce was admitted to the defendant's hospital on June 14, 2016, to undergo hip replacement surgery. (Doc. 27 at 1; *see* Doc. 15 at 2). While Mr. Pierce expected to be hospitalized for several days, complications arose, and he was hospitalized for months. (Doc. 27 at 1-2). During his hospitalization, Mr. Pierce developed a decubitus ulcer (commonly known as a bedsore) which became infected. (*Id.*). Mr. Pierce ultimately died from sepsis. (*Id.* at 2).

Among the allegations in the Amended Complaint are that the defendant: (1) "had a pattern and practice of providing substandard medical care to its patients"; (2) had been alerted to this deficient medical care by "various governmental and accrediting entities"; and (3) failed to satisfy its duty to inform Mr. Pierce of the foregoing. (Doc. 15 at 3). Based on these allegations, the Amended Complaint asserts Mr. Pierce could not provide meaningful informed consent to treatment. (*Id.*). Accordingly, the Amended Complaint alleges the defendant breached the applicable standard of care, in part, by failing to obtain Mr. Pierce's informed consent. (*Id.* at 4).

## IV. DISCUSSION

The defendant notes hospitals and nurses have no independent duty regarding informed consent; that duty lies with physicians alone. (Doc. 26 at 5). Alabama "has adopted the traditional view that it is a doctor's duty to obtain informed consent." *Wells v. Story*, 792 So. 2d 1034, 1039 (Ala. 1999). Thus, the Alabama Supreme Court has explicitly "decline[d] to create an independent duty that requires hospitals and nurses to likewise obtain informed consent from a patient." *Id.* Accordingly, the defendant contends it is entitled to summary judgment to the extent the plaintiff asserts liability on the basis of informed consent. (Doc. 26 at 5). The defendant further contends the Amended Complaint's allegations regarding past incidents or complaints of substandard care are an end-run around the AMLA's protections from discovery regarding a healthcare provider's acts or omissions which did not affect the plaintiff's care. (Doc. 26 at 6-7) (citing ALA. CODE § 6-5-551).[5]

In response, the plaintiff notes that Alabama courts have recognized a "corporate liability" theory under which a hospital can be held independently—as opposed to vicariously—liable for the conduct of incompetent or unfit independent

---

[5] The AMLA applies a heightened pleading standard to claims against healthcare providers for breach of the standard of care and prohibits plaintiffs "from conducting discovery with regard to any other act or omission or from introducing at trial evidence of any other act or omission." ALA. CODE § 6-5-551. Accordingly, a health care provider faced with an AMLA claim is protected from discovery into prior instances which did not impact the plaintiff. *Ex parte Anderson*, 789 So. 2d 190, 199 (Ala. 2000) (granting mandamus relief and prohibiting discovery on prior similar instances); *Rite Aid of Ala., Inc.*, 768 So. 2d 960, 961-62 (Ala. 2000) (same).

contractor physicians. (Doc. 27 at 4-6) (citing *Humana Med. Corp. of Ala. v. Traffanstedt*, 597 So. 2d 667, 669 (Ala. 1992)). Thus, the plaintiff contends the defendant cannot escape liability for allowing physicians and staff in the hospital to harm the plaintiff by failing to obtain informed consent. (Doc. 27 at 5).

While the plaintiff's reasoning is sound in the abstract, it falls apart under the facts of this case. Hospitals do not have a duty under Alabama law to obtain informed consent; that duty rests with physicians alone. *Wells,* 792 So. 2d at 1039. Moreover, the plaintiff has not pointed to any duty under Alabama law extending the principal of informed consent to require divulgence of past instances of a hospital's provision of substandard medical care—whether alleged by patients or noted by governmental and/or accrediting entities. Likewise, the undersigned has not found support for any such duty under Alabama law. This conclusion is particularly true here, where the Amended Complaint's only allegations regarding the lack of uninformed consent concern prior instances of substandard care to third parties; the defendant is not subject to discovery regarding these allegations under the AMLA. ALA. CODE § 6-5-551; *see Ex parte Anderson*, 789 So. 2d at 199; *Ex parte Rite Aid*, 768 So. 2d at 961-62.

IV. **CONCLUSION**

For the foregoing reasons, there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law to the extent the plaintiff

asserts lack of informed consent as a basis of liability. Accordingly, the defendant's partial motion for summary judgment is **GRANTED**. (Doc. 25).

**DONE** this 24th day of February, 2020.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE